| | | |
|---|---|---|
| 1 | Jeffrey L. Hartman, Esq. | Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice* |
| 2 | Nevada Bar No. 1607 | Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice* |
| | **HARTMAN & HARTMAN** | Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice* |
| 3 | 510 W. Plumb Lane, Suite B | Kevin Paule, Esq. #125276 – Admitted *Pro Hac Vice* |
| | Reno, NV 89509 | **MELAND BUDWICK, P.A.** |
| 4 | T: (775) 324-2800 | 3200 Southeast Financial Center |
| | F: (775) 324-1818 | 200 South Biscayne Boulevard |
| 5 | notices@bankruptcyreno.com | Miami, Florida 33131 |
| 6 | | T: (305) 358-6363 |
| | | F: (305) 358-1221 |
| 7 | | mbudwick@melandbudwick.com |
| | | sgenet@melandbudwick.com |
| 8 | | gbenezra@melandbudwick.com |
| 9 | | kpaule@melandbudwick.com |

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>    Debtor.<br><br>Affects:<br>☒ DC Solar Solutions, Inc.<br>☒ DC Solar Distribution, Inc.<br>☒ DC Solar Freedom, Inc.<br>☐ Double Jump, Inc. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br><br>Jointly Administered with:<br><br>\| 19-50130-gs \| DC Solar Solutions, Inc. \|<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \| |
| CHRISTINA W. LOVATO,<br><br>    Plaintiff,<br><br>v.<br><br>KMH SYSTEMS, INC.,<br><br>    Defendant. | Adversary No.: 21-05030-gs<br><br>**TRUSTEE'S EX PARTE APPLICATION FOR ORDER ABATING ADVERSARY PROCEEDING**<br><br>**HEARING DATE: N/A**<br>**HEARING TIME:** |

1

Christina W. Lovato, in her capacity as the chapter 7 trustee ("***Trustee***" or "***Plaintiff***") for the bankruptcy estates of DC Solar Solutions, Inc. ("***DCSS***"), DC Solar Distribution, Inc. ("***DCSD***"), DC Solar Freedom, Inc. ("***DCSF***", and with DCSD and DCSS, "***DC Solar***") and Double Jump, Inc. ("***DJ***," and with DC Solar, the "***Debtors***"), files this Ex Parte Application for Order Abating Adversary Proceeding ("***Application***") to abate the above-captioned adversary proceeding ("***Action***") and all associated deadlines. In support, the Trustee states as follows.

## Factual Background

1. The Trustee is the chapter 7 bankruptcy trustee for the Debtors.

2. Pre-petition, Jeff and Paulette Carpoff perpetrated a Ponzi scheme ("***Carpoff Ponzi Scheme***") through and upon the Debtors.

3. Within four years of the Debtors' bankruptcy filings, the Debtors transferred approximately $10 million to the above captioned defendant ("***Defendant***"), as more fully set forth in the Action (defined below).

4. A receiver ("***Receiver***") has been appointed over the Defendant per *BMO Harris Bank N.A. v. KMH Systems, Inc.,* Case No. 20-00740 (N.D.Ill.) *("**Receivership Case**")*.

5. In the Receivership Case, the Order Appointing Interim Receiver ("***Receivership Order***"), ECF No. 17, ¶5(ii), states that all persons and entities are enjoined from commencing a proceeding against the Defendant "except that such actions may be filed to toll any statutes of limitations …".

6. The Trustee has filed a claim in the Receivership Case. It is unclear to the Trustee what if any distributions will be made to unsecured creditors.

7. The Trustee commenced this Action on January 25, 2021, to (among other things) comply with then-existing statutes of limitations and other time bars, including those set forth in Section 546 of the Code.

## Relief Requested

8. Plaintiff requests that this Court enter an Order abating this Action and all associated deadlines.

2

9. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254, 81 L.Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

10. <u>First</u>, pursuant to 11 U.S.C. § 546(a), the Trustee had 2 years from the petition date to file all avoidance actions in the underlying bankruptcy case. This 2-year statute of limitations period has passed. Although the Trustee has now secured an extension of this deadline,[1] the extension order had not been entered at the time the Trustee commenced this Action and acted in an abundance of caution. The Trustee sought to preserve and protect her claims against the Defendant prior to the expiration of the limitations period, *i.e.*, to toll any statute of limitations.

11. <u>Second</u>, the Receivership Case is ongoing, and thus, the litigation stay set forth in the Receivership Order remains in effect. It remains unclear when the stay will be lifted as the Receiver continues to administer that case. Therefore, abatement is appropriate subject to further requests by the Trustee and Orders of this Court.

12. The Defendant will not be prejudiced by the granting of the requested relief because the Receiver is in place and has control over the assets of the receivership, as more fully set forth in the Receivership Order and other orders in the Receivership Case.

13. The Trustee seeks this relief without prejudice to seeking to lift this abatement at some time in the future.

14. This request is made in good faith and not for the purposes of delay.

---

[1] *See* Main Bankruptcy Case, ECF No. BK-19-50102-gs.

3

**Communications with the Receiver**

15. Prior to commencing the Action, the Trustee communicated with the Receiver regarding her intent to commence this Action, and to ensure that the Receiver agreed that the Trustee was not violating the Receivership Order by doing so. The Receiver agreed.

16. The Trustee and the Receiver discussed that the Trustee would seek to abate this Action, in accordance with the spirit and letter of the Receivership Order and Receivership Case and so as not to prejudice the interests of the Receiver and other interested parties in the Receivership Case.

17. The Receiver consents to the Trustee's requested relief.

**WHEREFORE**, the Trustee respectfully requests an Order (1) granting the Application; (2) abating the Action and all associated deadlines, until further Order of the Court; and (3) all other relief this Court deems just and proper.

DATED: February 4, 2021.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman, Esq.*
Jeffrey L. Hartman, Esq., Attorney for Plaintiff
Christina W. Lovato

**MELAND BUDWICK, P.A.**

*/s/ Solomon B. Genet, Esq.*
Michael S. Budwick, Esq., Admitted Pro Hac Vice
Solomon B. Genet, Esq., Admitted Pro Hac Vice
Gil Ben-Ezra, Esq., Admitted Pro Hac Vice
Kevin Paule, Esq., Admitted Pro Hac Vice
Attorneys for Plaintiff Christina W. Lovato